IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 28, 2010

## ALVIN T. MCGEE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 2009-CR-16      Robert G. Crigler, Judge**

_____

**No. M2009-01850-CCA-R3-PC - Filed February 14, 2011**

_____

The Petitioner, Alvin T. McGee, filed for post-conviction relief from his convictions for attempted burglary and vandalism between $500 and $1000, alleging that his guilty pleas were not knowingly and voluntarily entered. The post-conviction court denied the petition, and the Petitioner now appeals. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Alvin T. McGee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On June 18, 2008, the Petitioner pled guilty to attempted burglary and vandalism between $500 and $1000. The plea agreement provided that the Petitioner would be sentenced as a persistent Range III offender to five years for each offense, forty-five percent of which was to be served in confinement before the Petitioner became eligible for release. The five-year sentences were to run concurrently with each other but consecutively to the conviction for which the Petitioner was on parole at the time of the instant offenses. At the plea hearing, the State recounted the factual basis for the pleas, maintaining that on March

25, 2008, the Petitioner and his co-defendant, Brandon Sanders, attempted to gain entry into the pharmacy of the Marshall Medical Center. The "pharmacy door had been pried open and . . . ceiling tiles had been removed outside the pharmacy . . . in an effort to try to gain entry over the wall through the ceiling." The Petitioner told police that Sanders was the "look-out" and that they left when a hospital employee came by.

Subsequently, the Petitioner filed a pro se petition for post-conviction relief, alleging that his trial counsel was ineffective and that his guilty pleas were not knowingly and voluntarily entered. As his chief complaint, the Petitioner maintained that he did not understand the guilty plea proceedings because he was under the influence of prescription medication at the time. The post-conviction court appointed counsel to assist the Petitioner, but no amended petition was filed.

At the post-conviction hearing, the only witness to testify was the Petitioner's trial counsel. Counsel, who had twenty years of experience in criminal defense work, stated that he met with the Petitioner several times, spoke with witnesses, and examined the discovery obtained from the State.

Counsel recalled that he reviewed the State's plea offer with the Petitioner. He said the Petitioner did not want to go to trial. The Petitioner was especially concerned about the statements the Petitioner and Sanders gave regarding the circumstances of the offenses. Counsel stated that he talked with the Petitioner about the Petitioner's addiction to prescription medication and about how the Petitioner committed the instant offenses to support that addiction. However, counsel did not believe the Petitioner took any prescription medication prior to entering the guilty pleas.

Counsel acknowledged that at the guilty plea hearing, the Petitioner told the trial court that he had not taken any medication prior to the pleas. Counsel did not correct the Petitioner's answer even though he believed the Petitioner had taken an over-the-counter antacid the night before the guilty pleas. Counsel said that an antacid would not have affected the Petitioner's comprehension of the guilty pleas. Additionally, counsel believed that the Petitioner fully understood the guilty plea proceedings. Specifically, counsel stated that the Petitioner "was obviously competent and he wasn't under the influence of any type of medication that I could see."

The Petitioner did not testify at the post-conviction hearing. However, he submitted his medical history from the Tennessee Department of Correction, which indicated the Petitioner had been prescribed busipone hydrochloride at the time of the guilty pleas.

The post-conviction court entered an order denying the petition. The court

specifically accredited counsel's testimony regarding the Petitioner's understanding of the guilty plea proceeding. The court noted that at the plea hearing, the Petitioner denied having taken medication. Additionally, the court noted that at the plea hearing the Petitioner stated he had no complaints about trial counsel's representation and that he was knowingly and voluntarily pleading guilty. On appeal, the Petitioner challenges the post-conviction court's ruling regarding the voluntariness of his pleas.[1]

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f) (2006). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

When a defendant enters a plea of guilty, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must address the defendant personally in open court, inform the defendant of the consequences of the guilty plea, and determine whether the defendant understands those consequences. See State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977); Tenn. R. Crim. P. 11(c). In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the [petitioner]; the degree of his

---

[1] On appeal, the Petitioner apparently abandons his complaint regarding the effectiveness of trial counsel.

familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

The Petitioner complains "that the administration of Busipirone Hydrochloride, the medication he was under the influence of according to the medical records, interfered with his ability to understand his actions." However, there is no proof in the record to support this contention. The Petitioner correctly states that he had a valid prescription for busipirone hydrochloride at the time his guilty pleas were entered. However, the records do not reflect whether the Petitioner took the prescribed dosage before entering the pleas. Moreover, the Petitioner did not testify regarding what effect, if any, the medication had on his ability to understand the proceedings. Instead, trial counsel's uncontradicted testimony, which was specifically accredited by the post-conviction court, reflected that the Petitioner fully understood the nature and effect of his guilty pleas and that he had coherent conversations with counsel at the guilty plea hearing. Additionally, the post-conviction court found that counsel effectively represented the Petitioner. Therefore, the Petitioner failed to meet his burden of establishing that his guilty pleas were not knowingly or voluntarily entered.

### III.  Conclusion

We conclude that the record supports the post-conviction court's finding that the Petitioner knowingly and voluntarily entered his guilty pleas. Therefore, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-4-